Appellate Case No: 12-1967
Consolidated with Case Nos: 12-1369 and 12-1979

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
_____

United States of America ex rel.
Debra Leveski,

    Relator-Appellant,

v.

ITT Educational Services, Inc.,

    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division
Case No. 1:07-cv-00867-TWP-MJD

**The Honorable Judge Tanya Walton Pratt**
District Judge

_____

**REPLY BRIEF FOR APPELLANT MOTLEY RICE, LLP**
_____

                ANDREW STAES
                STEPHEN SCALLAN
                *On behalf of Appellant Motley Rice, LLP*

STAES & SCALLAN, P.C.,
111 West Washington Street
 Suite 1631
Chicago, IL 60602
(312) 201-8969

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    THE DISTRICT COURT ABUSED ITS DISCRETION IN SANCTIONING MOTLEY RICE PURSUANT TO ITS INHERENT AUTHORITY BASED ON A FINDING THAT THE LAWSUIT WAS FRIVOLOUS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

ADOPTION OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

CERTIFICATE OF COMPLIANCE PURSUANT TO F.R.A.P RULE 32(a)(7) . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## **TABLE OF AUTHORITIES**

CASES

Atlantic Mut. Ins. Co. v. Jardis Industries, Inc.,
2008 WL 3977381, 290 Fed.Appx. 940 (7th Cir. Aug. 27, 2008) . . . . . . . . . . . . . . . . . . . .7

Baltimore & O.R. Co. v. Kepner,
314 U.S. 44 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Chambers v. NASCO, Inc.,
501 U.S. 32 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Enmon v. Prospect Capital Corp.,
675 F.3d 138 (2nd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Glaser v. Wound Care Consultants, Inc.,
570 F.3d 907 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Johnson v. Cherry,
422 F.3d 540 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ipcon Collections LLC v. Costco Wholesale Corp.,
2012 WL 4774898 (2nd Cir. Oct.9, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Laramee v. Jewish Guild For The Blind,
72 F.Supp.2d 357 (S.D.N.Y 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lusby v. Rolls-Royce Corp.,
570 F.3d 849 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Oil & Gas Co., v. Duryee,
9 F.3d 771 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Ormsby Motors, Inc. v. General Motors Corp.,
32 F.3d 240 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rabe v. United Airlines,
636 F.3d 866 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schultz v. Devry, Inc.,
No. 07 C 5425, 2009 WL 562286 (N.D. Ill. Mar, 4, 2009) . . . . . . . . . . . . . . . . . . . . . 2

Smeigh v. Johns Manville, Inc.,
643 F.3d 554 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Square D Co. v. Breakers Unlimited,
2009 WL 1625505 (S.D.Ind, June 4, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stalley ex. rel U.S. v. Mountain States Health Alliance,
644 F.3d 349 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TMF Tool Co., Inc. v. Muller,
913 F.2d 1185 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S. ex. rel. Lamers v. City Of Green Bay,
168 F.3d 1013 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

United States v. Lowery,
733 F.2d 441 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S. ex. rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Pilot Life Ins. Co.,
1991 WL 210855 (M.D.N.C. August 9, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. McGuire,
627 F.3d 622 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,
396 F.3d 96 (2nd Cir.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Wolters Kluwer Fin. Services, Inc. v. Scivantage,
564 F.3d 110 (2nd Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.,
313 F.3d 385 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

### The District Court Abused its Discretion in Sanctioning Motley Rice Pursuant to its Inherent Authority Based on a Finding that the Lawsuit was Frivolous

A.
<u>Imposition of Sanctions Based on a Court's Inherent Authority Requires a Finding of Bad Faith</u>

Inherent authority sanctions require bad faith, which in this context requires that a position be "frivolous." Frivolousness, however, is not satisfied by a position merely being wrong. Rather, it must be "wholly without merit." (Motley Rice Br. 9-11). ITT disputes this rigorous standard and contends that *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) limited it to sanctions under "Federal Rule of Appellate Procedure 30 [sic], not Rule 11." (ITT Br. 41).[1] But the "same standards apply under Rule 11 and Rule 38." *Oil & Gas Co. v. Duryee*, 9 F.3d 771, 773 (9th Cir. 1993)(Kozinski, J.); *accord Ormsby Motors, Inc. v. General Motors Corp.*, 32 F.3d 240, 241 (7th Cir. 1994)("we have looked to Rule 11 and the cases interpreting it for guidance in the application of Rule 38 of the appellate rules"); *Ipcon Collections LLC v. Costco Wholesale Corp.*, 2012 WL 4774898, at **3-4 (2d Cir. Oct. 9, 2012)(denying Rule 38 sanctions and affirming denial of Rule 11 sanctions for plaintiff's "weak" arguments, noting that "a particular legal argument forms the basis for sanctions only if it is 'patently contrary to existing law'").[2]

The requirement that a case be wholly without merit to be sanctionable is not overcome merely by noting the "deference" accorded district courts. (ITT Br. 36). Moreover, concerns for the impact of sanctions on attorney reputations and "the vigor and creativity of advocacy by

---

[1] FRAP 30 deals with appendices. Motley Rice assumes that ITT meant to refer to FRAP 38.

[2] *See also Emmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)("entirely without color"); *Stalley ex rel. U.S. v. Mountain States Health Alliance*, 644 F.3d 349, 352 (6th Cir. 2011)("the mere fact that an action is without merit does not amount to bad faith").

other members of the bar necessarily require that [this Court] exercise *less than total deference* to the district court." *Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2005)(emphasis supplied).

B.
Relator's Original Source and Public Disclosure Positions Were Not Wholly Without Merit

ITT ignores the cases in Motley Rice's opening brief that explain how palpably meritless a case must be in order to be sanctionable. (Motley Rice Br. 9-11). Motley Rice outlined the factual and legal support that demonstrated that Relator's position did not remotely approach being sanctionworthy. Prominent among Relator's support were principles of *this Court's* decisions as well as those of three other circuit courts of appeal and another federal district court, all of which the district court acknowledged. This legal support alone demonstrated that Relator's position could not be sanctionable under any standard. In addition, the district court not only conceded that Relator's position was "colorable," and thus non-frivolous, but also that it "wrestled" with its decision to dismiss Relator's suit for more than two months.

Given the district court's recognition that Relator's position had legal support, ITT concedes that "it is true that the district court acknowledged that this line of cases supported part of Leveski's view of the law…." It nonetheless contends that these cases did not "validate" Relator's position. (ITT Br. 40). Thus ITT persists, as it must, that Relator had no arguable basis in fact or law to pursue her case. But, the district court never found that the cases it acknowledged supported Relator's position likewise somehow clearly foreclosed her from being a proper Relator or so-called "true whistleblower." (ITT Br. 40). Rather, for that finding, the district court relied solely upon the unreported district court decision in *Schultz v. Devry, Inc.* No. 07 C 5425, 2009 WL 562286 (N.D. Ill. Mar. 4, 2009). (Dkt. 318 at 14)("In the end, the Court, relying on nearly on-point authority (i.e. the *Schultz* case), found that '[b]ecause Leveski

is not a true whistleblower who gained direct and independent knowledge of the fraud she has alleged while employed at ITT, she does not fall within the original source exception'")(brackets and parenthetical in original).

*TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990), however, was emphatic that taking a position at odds with a *district* court decision cannot be sanctionable. Given *TMF*, ITT now argues that *Glaser v. Wound Care Consultants, Inc.,* 570 F.3d 907 (7th Cir. 2009), is dispositive precedent that "precluded" Relator's claims. (ITT Br. 42). But the district court never found that Relator's suit was foreclosed by *Glaser* or any other dispositive precedent from this Court. *Glaser* merely set forth the analytical "framework" for the jurisdictional analysis. *(Id*. at 913-14; Dkt. 318 at 13). *Glaser* did not address the sort of facts presented here, much less warn that such facts could not overcome the public disclosure bar. Thus, the court below pointed *only* to *Schultz,* whose reasoning it was "inclined to adopt" contrary to the "acknowledged" "principles" of this Court in *Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009) and *United States ex. Rel. Lamers v. City of Green Bay*, 168 F.3d 1013 (7th Cir. 1999)(App. 42-44). If *Glaser* foreclosed Relator's position here the district court would have said so, and there would have been no need to "adopt" the "reasoning" of a *district court* to dispose of this case.

Moreover, the district court's preference for *Schultz*'s analysis over that of *Lamers* and *Lusby* demonstrated its disregard of *stare decisis*:

> The Court acknowledges the principles in *Lamers*, however the Court is inclined to adopt the reasoning set forth in *Schultz v. Devry, Inc*.; a case whose facts closely resemble those of the present case. In *Schultz v. Devry, Inc.*, a Northern District of Illinois court declined to *so liberally* construe the direct and independent knowledge requirement. (Motley Rice App. 42)(emphasis supplied).

3

The phrase, "*so* liberally" plainly referred to (and rejected or at least distinguished) the approach of *Lamers*. Unexplained by the court below was why a *district* court in this Circuit (either it or *Schultz*) may reject the "principles" of *this Court*.[3] Relator's counsel's failure to anticipate the district court's violation of *stare decisis* cannot be the basis for sanctions.

The district court's finding that Relator's legal position was "colorable" foreclosed its opposite finding that Relator's suit was frivolous. In light of the support for Relator's position in this Court's decisions as well as those from sister circuits, it is an understatement to call that position "colorable," as the district court did.  (Motley Rice Br. 16). ITT responds to this dispositive concession with the *ipse dixit* that "colorable" can still be "frivolous" if without factual support, (ITT Br. 40 n.11), but that makes no sense. The merit of a party's position necessarily takes into account the facts and the law, and this Court has held that  "colorable" means "nonfrivolous." *Rabe v. United Airlines, Inc*, 636 F.3d 866, 870 (7th Cir. 2011). *See also Wolters Kluwer Financial Services, Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) ("[c]onduct...is colorable when it has some legal and factual support."). Motley Rice's opening brief relied upon these cases. (Motley Rice Br. 9, 16). ITT does not mention them.

Given the concededly "colorable" nature of Relator's claim and the intercircuit support for it, the court below understandably "wrestled" with it for more than two months. ITT's quibble that the court actually said only that it "*briefly* wrestled" cannot diminish the court's struggles without "ignoring Justice Holmes's admonition to think things not words." *United States v. McGuire*, 627 F.3d 622, 625 (7th Cir. 2010) (ITT Br. 40). And, ITT cannot explain away the simple fact that there is no need to "wrestle" *at all* with a position that was "wholly without

---

[3] Even if the district court was merely distinguishing rather than rejecting *Lamers*, such a distinction may not be the basis for a finding that Relator's position was wholly without merit.

4

merit," such that the "result [was] obvious," *Smeigh v. Johns Manville,* 643 F.3d 554, 565 (7th Cir. 2011) or so "clear under existing legal precedent that it had *no chance of success.*" *Laramee v. Jewish Guild for the Blind*, 72 F.Supp.2d 357, 362 (S.D.N.Y. 1999) (*See* Motley Rice Br. at 9). The cases cited in Motley Rice's opening brief, which illustrate how palpably meritless a case must be to warrant sanctions, have been ignored.[4]

Despite the significant legal support for Relator's position that her suit was not publicly disclosed and that she was an original source, ITT attempts to create a false distinction between the facts and Relator's legal position. (ITT Br. 39). But as stated above, Relator's legal position took into account the facts of her case, including her personal knowledge as evidenced in her deposition testimony. As discussed in her opening and reply briefs, Relator's deposition testimony neither doomed the case nor made it sanctionable; indeed, Relator provided extensive support for the fact that she was an original source, as this Court has defined the term.

The charge that "none of the three appellate briefs addressing the sanctions order even attempt [sic] to refute the conclusions that must be drawn from Leveski's deposition testimony"

---

[4] Even as to the public disclosure issue, the district court was initially impressed with Relator's "financial administrator" claim:

> THE COURT: *Isn't all of the financial administrator - - aren't all those allegations new? None of those were in the Graves decisions or any other public disclosures, were they*?
>
> * * *
>
> And I think when I was reading all of your briefings there was a case that there is a distinction in there, if they're multiple claims. *Maybe they were multiple claims*.

(Motley Rice App. 90-91)(emphasis supplied). That the court changed its mind two months later did not make the theory to which it was initially receptive suddenly sanctionable, especially against lawyers who had been in the case for a scant six days. (Motley Rice Br. 23)

is untrue. (ITT Br. 39). Relator's brief comprehensively addressed why her deposition testimony made her position substantively plausible and thus, necessarily, non-sanctionable. (See Relator Br. 45-50). Rather than repeat these arguments, Motley Rice adopted them by reference, consistent with this Court's Order of April 25, 2012. (Motley Rice Br. 11-12)(April 25, 2012 Order)("Counsel for appellants are encouraged to avoid unnecessary duplication by filing a joint brief or a joint appendix or by adopting parts of a co-appellant's brief. Duplicative briefing will be stricken and may result in disciplinary sanctions against counsel."). It is odd to fault a sanctions brief for refraining from sanctionable conduct.

In sum, this Court may ultimately agree with ITT's positions on the merits. But even that result would not make Relator's positions–supported by principles of this Court's cases and the holdings of the Sister Circuits–"wholly without merit." Nor in light of the legal and factual support for Relator's position can it be said that a "fraud has been practiced upon [a court] or...the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Had either description fit Relator's claim, the district court would not have conceded that *three* "colorable" arguments supported its validity. (Motley Rice Br. 16).

## C.
### There Was No Finding That Motley Rice's Participation at the Oral Argument Was Conducted in Bad Faith and There Is No Evidence To Support Such a Finding

In order to sanction Motley Rice under its inherent authority, the district court was required to find that Motley Rice acted in bad faith. The district court made no such finding. First, the legal and factual support for Relator's position necessarily means that Motley Rice's "participation" in the oral argument advancing that position was not sanctionable. Motley Rice's participation most assuredly was not "flagrantly improper," as ITT now contends. (ITT Br. 49).

That new charge rests entirely on the complaint that "Motley Rice presented an entirely new theory of liability based on an elaborate concealment scheme that was never alleged in Leveski's complaint, briefed in opposition to the motion to dismiss, or argued before in the case." (ITT Br. 49). The district court did not find that the advancing of this argument or its timing was "flagrantly improper" or in bad faith. Nor did the court—in either its dismissal or sanctions opinion—find this theory to have been factually "fabricated," a contention for which ITT supplies no record citation. (ITT Br. 35; see Dkt.241, 318).

Nor was this theory of liability entirely new. ITT's contention that its advancement was prohibited since it was not articulated in the Second Amended Complaint presupposes that courts are limited to the complaint in this context. (ITT Br. 20, 49). They are not. *See e.g. U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Pilot Life Ins. Co.*, No. C-90-29-G, 1991 WL 210855, at *13 (M.D.N.C. Aug. 6, 1991). Indeed, "'[t]his court has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories….'" *Atlantic Mut. Ins. Co. v. Jardis Industries, Inc.*, 2008 WL 3977381, at *2, 290 Fed.Appx. 940, 942 (7th Cir. Aug. 27, 2008). Moreover, proving a concealment scheme was not contrary to the Second Amended Complaint given its allegations that documents and records were used to "conceal" ITT's liability under the FCA. (Dkt. 75, at ¶¶76-77). ITT's formalistic argument here should be compared with its handling of its "advice of counsel" defense, which it raised only on summary judgment without having formally plead it as an affirmative defense. (ITT Br. 43).

Because no circumstance existed here that *mandated* dismissal of this "colorable" lawsuit, Motley Rice's continued prosecution of it was not improper. Calling that pursuit "aggressive" does not make it sanctionable. (Dkt. 318 at 11; ITT Br. 37, 45, 48). "[O]ur

7

adversary system encourages vigorous advocacy...." *United States v. Lowery*, 733 F.2d 441, 446 (7th Cir. 1984); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) ("'there could not be any better evidence of procedural integrity' than the aggressive litigation spanning nearly a decade"). It is only where the lawsuit itself is frivolous that the constituent acts in pursuit of it become culpable. Thus, these acts and their vigor add nothing to the sanctions analysis.

Moreover, the "aggressive" steps pointed to by the district court were a motion to continue summary judgment briefing, a motion to strike an advice of counsel defense and appeal of the ensuing ruling, and a motion to compel. (Dkt. 318 at 11). None of these motions was sanctionable, and thus ITT never cited them as a basis for sanctions. (Dkt. 187, 188, 221, 236).[5] Again, the district court made no findings that these motions were frivolous or advanced in bad faith. (Dkt 318 at 11). Likewise, the district court did not articulate, as required for inherent authority purposes, how if any actions by Motley Rice had been improper, they could "not adequately [be] dealt with by other rules, most pertinently here Rules 11 and 37 of the Federal Rules of Civil Procedure." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.,* 313 F.3d 385, 391 (7th Cir. 2002).

ITT's new claim that Motley Rice had a "motive to harass" is baseless, and the district court made no such finding. (ITT Br. 47, 53). Motley Rice appeared in the case to try it, imminently. It sought no continuance of the trial date and thus "delayed" and "prolonged" nothing. (ITT Br. 48, 54). Hence, the district court made no finding of harassment, and the record

---

[5] The same is true of the Motion for Reconsideration pointed to by ITT on appeal, which it likewise did not contend was sanctionable below. (ITT Br. 44, Dkt. 264).

did not support one. The only evidence pointed to by ITT are the motions discussed above, none of which was found–or even argued below to be–sanctionable. (ITT Br. 48).

Nor could a finding of bad faith against Motley Rice rest upon "Mr. Matusheski's bad faith conduct." (ITT Br. 48). As ITT concedes, Motley Rice "cannot be held accountable for Matusheski's actions." (ITT Br. 49; Motley Rice Br. 21-23). Moreover, as discussed in Motley Rice's opening brief, even Mr. Matusheski's conduct did not reflect "bad faith," an analysis that has gone unchallenged. (Motley Rice Br. 24-25). Indeed, Motley Rice had no reason to believe that Mr. Matusheski's activities would even be *admissible* on, let alone dispositive of, Relator's claims. They were classically inadmissible, at least in the Southern District of Indiana. *See Square D Co. v. Breakers Unlimited*, No.1:07–cv–806–WTL–JMS, 2009 WL 1625505, at *1 (S.D.Ind. June 2009)(Lawrence, J.)("Square D seeks to exclude any references to the character, honesty or integrity of the parties' attorneys. Square D does not explain why it believes anyone would make such references at trial, and the Court has no reason to believe anyone would. Inasmuch as any such references clearly would be inappropriate, the Court will GRANT the motion in limine, however unnecessary that may be").

Mr. Matusheski's "apology" in the *Lopez* case precluded neither pursuit of this case nor continued argument against the Virginia district court's decision in *Lopez*. (ITT Br. 49). Ironically, after devoting its entire brief to demonizing the "disingenuous" Mr. Matusheski, (ITT Br. 45), his apology under threat of sanctions in *Lopez* "is to be given the authority of an encyclical." *Baltimore & O. R. Co. v. Kepner*, 314 U.S. 44, 60 (1941)(Frankfurter, J., dissenting). But even the district court found the apology to *not* be an "appropriate trigger for attorneys fees." (Dkt. 318 at 25). Also unmoved by it was the United States of America. Indeed,

9

the Government persisted in its view that *Lopez* was wrong and in its support for the Relator, notwithstanding its awareness of the "apology," Mr. Matusheski's "conduct," the relevant case law, and Relator's deposition testimony. (Motley Rice Br. 2-3).The United States' steadfast position has been conspicuously ignored by ITT.

Finally, because Motley Rice's participation in the oral argument on the motion to dismiss was not "frivolous," let alone "clearly frivolous" or "clearly vexatious," it could not be sanctioned "alternatively" under the FCA. (ITT Br. 54). It bears repeating that a position supported by principles of this Court's decisions, three other Circuit Courts of Appeals, and the United States of America's imprimatur is not sanctionable.

## Conclusion

The sanctions against Motley Rice should be vacated.

## Adoption of Arguments

Motley Rice adopts the arguments of its co-appellants.

                                        Respectfully submitted,

                                        /s/Andrew Staes
                                        ANDREW STAES

                                        /s/Stephen Scallan
                                        STEPHEN SCALLAN

**Certificate of Compliance Pursuant to FRAP 32(a)(7)( c)**

I hereby certify that this Reply Brief complies with the type volume limitation contained in FRAP 32(a)(7)(B). The brief contains 3,120 words as determined by the word-processing system used to prepare the brief.

/s/Andrew Staes
ANDREW STAES

## CERTIFICATE OF SERVICE

I, Andrew Staes, hereby certify that I have caused a copy of Appellant Motley Rice's Reply Brief to be served upon:

Mr. Arthur J. Howe
SCHOPF & WEISS, LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Mr. Mark I. Labaton, Attorney
MOTLEY RICE LLP
110 Glendon Avenue
14th Floor
Los Angeles, CA 90024

Mr. Kristopher P. Diulio, Attorney
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive
12th Floor
Irvine, CA 92612-4412

Mr. Timothy J. Matusheski
Law Offices of Timothy Matusheski
P.O. Box 15758
Hattiesburg, MS 39404

Electronically on December 20, 2012.

    /s/ Andrew Staes____
    ANDREW STAES